Matter of Scarola v Malone (2024 NY Slip Op 05075)

Matter of Scarola v Malone

2024 NY Slip Op 05075

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 652186/17 Appeal No. 2823 Case No. 2023-06263 

[*1]In the Matter of Richard J.J. Scarola, Petitioner-Respondent,
v
Daniel C. Malone, Respondent-Appellant.

Malone Law PLLC, Brooklyn (Daniel C. Malone of counsel), for appellant.
Scarola Zubatov Schaffzin PLLC, New York (Alexander Zubatov of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about October 31, 2023, which denied respondent's motion for leave to file a supplemental verified answer asserting counterclaims, and granted petitioner's motion for an order executing the confirmed arbitration award and directing payment from respondent, unanimously affirmed, with costs.
The court properly denied respondent's motion and granted petitioner's motion based on its reading of the arbitration award confirmed in a judgment (see Matter of Pine St. Assoc., L.P. v Southridge Partners, L.P., 107 AD3d 95, 100 [1st Dept 2013]). The court correctly interpreted the award as requiring respondent to make specified monthly payments to petitioner. The court also correctly rejected respondent's contention that the award included a clear condition precedent to his payment obligations, that the condition precedent was no longer satisfied based on petitioner's conduct after April 2022, and that this allowed him to unilaterally cease making further specified monthly payments and to recover payments made after April 2022. As the court found, under a reasonable interpretation of the terms of the arbitration award, the purported condition precedent to respondent's payment obligations did not exist. Furthermore, respondent's complaint with respect to petitioner's conduct after April 2022 was one that had to be raised as an argument for an equitable alteration or termination of his payment obligations pursuant to the terms of the award's alternative dispute resolution provision. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024